# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50950
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JOHNATHAN CROCKER,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-3-1

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Johnathan Crocker, federal prisoner # 29579-280, moves to proceed *in forma pauperis* ("IFP") to appeal the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Amendment 782 to the Sentencing Guidelines. By seeking to proceed IFP, Crocker is challenging the district court's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50950

certification that his appeal is not taken in good faith because it is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Crocker claims the district court misapplied the amendment and the § 3553(a) factors; he explains that because he received a sentence at the low end of the guideline range applicable at sentencing, he should now receive a sentence at the low end of his new guideline range and that the court ignored evidence of his rehabilitation. The court correctly recognized that Crocker was eligible for a reduction and that the sentence was within the new guideline range. *See Dillon v. United States*, 560 U.S. 817, 826–27 (2010); U.S.S.G. § 2D1.1(c)(7); U.S.S.G., Ch. 5, Pt. A. The court denied Crocker's motion as a matter of discretion, referring to the § 3553(a) factors in general and the seriousness of the offense and the danger posed to the community by Crocker in particular. Moreover, the court had before it Crocker's arguments in favor of a reduction and documentation regarding his efforts at rehabilitation in prison. Crocker has not demonstrated that there is a nonfrivolous issue as to abuse of discretion in denying the reduction. *See United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995).

Referring to his original sentencing, Crocker contends that the district court erred in enhancing his offense level based on his leadership role in the offense. But § 3582(c)(2) is not the appropriate vehicle to challenge purported errors at sentencing. *See United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009).

This appeal does not present a nonfrivolous issue and has not been brought in good faith. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). The motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

2